850 F.2d 690
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lealofi SEAU, III, Defendant-Appellant.
 No. 87-5172.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 8, 1988.
Decided: June 20, 1988.
 
 Thomas Crane Carter, for appellant.
 William Otis, Assistant United States Attorney (Henry E. Hudson, United States Attorney, Jack I. Hanly, Assistant United States Attorney, on brief), for appellee.
 Before WIDENER and SPROUSE, Circuit Judges, and JOHN A. MACKENZIE, United States Senior District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Lealofi Seau appeals his conviction based on Counts 1 and 3 of a multicount indictment.[1] The defendant was charged in Count 1 with conspiracy to commit kidnapping in violation of 18 USC Sec. 1201(c), and in Count 3 with the carrying and use of a firearm in a crime of violence, and in the aiding and abetting thereof, in violation of 18 USC Secs. 924(c) and 2. We find no merit in the defendant's contention that there was insufficient evidence to support the conviction under Counts 1 and 3, and we affirm.
 
 
 2
 Seau's first claim is that there was insufficient evidence to convict him of conspiracy to commit kidnapping. His argument was that there was insufficient evidence of an agreement between Seau and his companion in crime, one Cunningham. The elements necessary to support a conspiracy conviction include an agreement among the conspirators to do something which the law prohibits; knowing and willing participation by the defendants in the agreement; and an overt act by the defendants in furtherance of the agreement. United States v. Meredith, 824 F.2d 1418, 1428 (4th Cir.1987).
 
 
 3
 The facts show that Patricia Adkins was forced into her car against her will and driven from Alexandria, Virginia, to South Plainfield, New Jersey. Seau, after co-defendant Cunningham forced Mrs. Adkins into the backseat of her car, drove the vehicle to a preplanned destination. In fact, he had Mrs. Adkins' purse in the front seat. The evidence further shows that the trip to New Jersey had been planned by Seau several days before.
 
 
 4
 Seau specifically contends that there is no evidence of an agreement to kidnap between him and Cunningham. However, the record does not show that Seau's actions during the kidnapping were a result of direction from Cunningham, even if that is a defense, which is doubtful at best. Nor does the record show any objection by Seau to the abduction. He was present, acting in concert with Cunningham, at each turn of this sorry affair. There is ample evidence that there was an agreement between the defendants before the abduction of the victim. The trip was planned in advance; both Seau and Cunningham were armed; Seau drove while Cunningham tended to the victim; and Seau is not shown to have objected or acted at the direction of Cunningham. The existence of a conspiracy need not be proved by direct evidence, but may be inferred from the facts and circumstances of the case. United States v. Norris, 749 F2d 1116, 1121 (4th Cir.1984), cert. den. 471 U.S. 1065 (1985). The verdict of the jury must be sustained, if there is substantial evidence, viewing the evidence in the light most favorable to the government, upon which the jury could have found that the agreement existed. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Dolan, 544 F2d 1219, 1221 (4th Cir.1976). We think it is reasonable, indeed compelling, based on the evidence in this case that the jury find that an agreement in fact existed between the defendants. In so finding, the other factors of Meredith are met, thus establishing a conspiracy.
 
 
 5
 Seau further contends that there was insufficient evidence to convict him of the use or carrying of a firearm during the commission of a crime of violence. 18 USC 924(c). There is evidence in the record that Seau was carrying a .38 caliber revolver during the trip from Virginia to New Jersey for he immediately thereafter displayed such to Charles Washington who met the defendants according to plan directly after they left the victim's car. It was also stipulated at trial that Seau was in possession of the same at his arrest. We think the jury could reasonably have inferred that Seau was in violation of the statute by carrying a gun unlawfully during the commission of a crime of violence. See United States v. Crew, 538 F2d 575, (4th Cir.1976); United States v. Pietri, 683 F2d 877, 880 (5th Cir.1982) (gun concealed in pants leg during commission of the felony meets the requirement for conviction under this statute).
 
 
 6
 We are thus of opinion the verdict is supported by the evidence.
 
 Accordingly, the judgment of conviction is
 
 7
 AFFIRMED.
 
 
 
 [1]
 Seau does not challenge his conviction based on other counts of the indictment. We do not address those counts